IN UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

SANDRA LAMBERTON                                            PLAINTIFF

vs.                           Civil No. 6:18-cv-6071

ANDREW SAUL[1],                                        DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

      Plaintiff, Sandra Lamberton, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claim for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI") benefits under Titles II and XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

      The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5. Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.**     **Background:**

      Plaintiff protectively filed her applications for DIB and SSI on June 11, 2015. (Tr. 37, 259)[2]. In her applications, Plaintiff alleged being disabled due to: depression, anxiety, neck

---

[1] Andrew M. Saul has been appointed to serve as Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.
2 References to the Transcript will be (Tr. ___) and refer to the document filed at ECF No. 9, These references are to the page number of the transcript itself not the ECF page number.

1

injury, carpal tunnel, degenerative disc disease, muscle tension, and fibromyalgia, with an alleged onset date of June 4, 2015. (Tr. 37, 277). These applications were denied initially and again upon reconsideration. (Tr. 37). Plaintiff requested an administrative hearing and that administrative hearing was held on August 16, 2017. (Tr. 64-120). At this hearing, Plaintiff was present and was represented an Attorney, Shannon Muse Carroll. (Tr. 37, 64). Plaintiff and a Vocational Expert ("VE") testified at the hearing. (Tr. 64-120).

Following the hearing, on September 21, 2017, the ALJ entered an unfavorable decision. (Tr. 34-49). The ALJ found Plaintiff had last met the insured status requirements of the Act through December 31, 2021. (Tr. 39, Finding 1). The ALJ also found Plaintiff had not engaged in substantial gainful activity since her alleged onset date. (Tr. 39, Finding 2). The ALJ determined Plaintiff had the following severe impairments: status post-neck surgery with fusion at C5-C6 on December 15, 2014; bilateral shoulder pain; bursitis, left worse than right; post-traumatic stress disorder (PTSD); bipolar disorder; anxiety; foot/leg numbness and pain; and neuropathy. (Tr. 39-40, Finding 3). Despite being severe, the ALJ determined those impairments did not meet or medically equal the requirements of any of the Listings of Impairments in 20 CFR Part 404, Subpart P, Appendix 1 ("Listings:"). (Tr. 40-41, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 41-49, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to:

> [P]erform light work as defined in 20 CFR 404.1567(b) and 416.967(b). She can lift-carry and push-pull up to 20 pounds occasionally and 10 pounds frequently, with the ability to sit 6 to 8 hours in an 8-hour workday and the ability to stand and/or walk up to 6 hours in an 8-hour workday. She can occasionally climb, crouch, kneel, stoop, and/or crawl. She can frequently reach and handle due to bilateral carpal tunnel syndrome (CTS), but no

surgery. Yet, overhead reaching is limited to little or none. The claimant would require work that is simple and unskilled or semi-skilled in nature, where she can understand, carry out and remember concrete instructions. However, she would have no restrictions in caring for others. In addition, the undersigned has concluded that the claimant also has the residual functional capacity to perform sedentary work. All other restrictions are the same as listed above.
*Id*.

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 49, Finding 6). The ALJ determined Plaintiff could perform her past relevant work as a check cashier clerk (SVP3/semi-skilled/sedentary), DOT#211.462-026. The ALJ based this determination upon the testimony of the VE. *Id*. Based upon this finding, the ALJ determined Plaintiff had not been under a disability, as defined in the Act, from her onset date of June 4, 2015, through the date of his decision. (Tr. 19, Finding 11).

Thereafter, Plaintiff requested the Appeals Council's review of the ALJ's decision and submitted additional medical records. (Tr. 258, 13-32). The Appeals Council denied this request for review. (Tr. 1-4). On August 14, 2018, Plaintiff filed the present appeal. ECF No. 1. Both Parties have filed appeal briefs. ECF Nos. 13, 14. This case is now ready for decision.

**2.** **<u>Applicable Law</u>:**

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff

must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.     Discussion:**

Plaintiff brings the present appeal claiming the ALJ erred on two points: 1) failing to correctly assess Plaintiff's impairments in accordance with the listings; and 2) discrediting the opinion of Plaintiff's treating physician. ECF No. 13, P. 1. In response, Defendant argues the ALJ did not err by failing to specifically address listings 1.02 and 1.04 in his decision, as the Eight Circuit has held that failure to address a listing is not reversible if the record supports the overall conclusion. ECF No. 14, p. 5. Defendant further argues Plaintiff did not meet the requirement for either listing 1.02 or 1.04. *Id.*, pp. 5-8. Defendant argues the ALJ properly afforded little weight to Dr. Gehrki's Medical Source Statement, provided the required analysis for discounting

4

Dr. Gehrki's opinion, and was not required to seek clarification as there were no crucial issues underdeveloped in the record. *Id*., pp. 8-11.

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

The Court has reviewed the entire transcript and the parties' briefs. For the reasons stated in the ALJ's well-reasoned opinion and in the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed and Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, 364 Fed. Appx. 307 (8th Cir. 2010) (district court summarily affirmed the ALJ).

4. **Conclusion**:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 29th day of July 2019.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE